UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JERRY DURR;** | **COMPLAINT** |
| **Plaintiff,** | Civil Action Number: |
| v. | 5:20-CV-0662 (MAD/TWD) |
| **DANIEL SLATOR**, in his individual capacity and official capacity as a police officer; **WILLIAM CLARK**, in his individual capacity and official capacity as a police sergeant, **CITY OF ONEIDA**, **NEW YORK**; **AARON SILVERMAN**; in his individual capacity and official capacity as a sheriffs deputy; **MADISON COUNTY, NEW YORK**; | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiff JERRY DURR by and through his attorneys David A. Longeretta, Esq. and Zachary C. Oren, Esq. for his Complaint against Defendants respectfully alleges as follows:

## **JURISDICTION**

1. This action is brought in part pursuant to §§ 1983 and 1988 of Title 42 of the United States Code and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.  This action is for money damages to redress the deprivation by the Defendants of rights secured to the Plaintiff by the Constitution and laws of the Untied States and State of New York.  Jurisdiction of this Court is invoked under provisions of 28 U.S.C. §§ 1331, 1343(3), and 1367 (A) and the aforementioned statutory and constitutional provisions.

1

## PARTIES

2. Plaintiff, JERRY DURR, during all relevant times herein was and is an adult and a citizen of the United States of America and residing in the State of New York at 370 Lenox Avenue, City of Oneida, New York 13421.

3. Upon information and belief Defendant CITY OF ONEIDA, NEW YORK, during all relevant times herein was and is a municipal corporation organized and existing through and by virtue of the laws of the State of New York and who maintains offices at 109 North Main Street, Oneida, New York 13421 and said municipal corporation is located in the Northern District of New York and employed the above captioned individual Defendants at all relevant times herein.

4. Upon information and belief the City of Oneida operates a Police Department [hereafter "Oneida City Police Department"] whose principal place of business is also 108 Main Street Oneida, New York 13421.

5. Upon information and belief Defendant DANIEL SLATOR, during all relevant times herein is a duly appointed patrolman for the Oneida City Police Department and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant DANIEL SLATOR, is sued in his individual and official capacity. Upon information and belief DANIEL SLATOR'S, professional address is at the Oneida City Police Department, 108 Main Street, Oneida, New York 13421.

6. Upon information and belief Defendant WILLIAM CLARK, during all relevant times herein is a duly appointed sergeant for the Oneida City Police Department and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant WILLIAM CLARK is sued in his individual and official capacity. Upon

information and belief WILLIAM CLARK'S professional address is at the Oneida City Police Department, 108 Main Street, Oneida, New York 13421.

7. Upon information and belief Defendant MADISON COUNTY, NEW YORK during all relevant times herein was and is a municipal corporation organized and existing through and by virtue of the laws of the State of New York and who maintains offices at 138 North Court Street, Wampsville, New York 13163 and said municipal corporation is located in the Northern District of New York and employed the above captioned individual Defendants at all relevant times herein.

8. Upon information and belief the Madison County operates a Sherriff's Office [hereafter "Madison County Sherriff's Office"] whose principal place of business is also 138 North Court Street, Wampsville, New York 13163.

9. Upon information and belief Defendant AARON SILVERMAN, during all relevant times herein is a duly appointed Sherriff's Deputy for the Madison County Sherriff's Office and charged with carrying out his lawful duties and responsibilities in accordance with the law. Defendant AARON SILVERMAN is sued in his individual and official capacity. Upon information and belief AARON SILVERMAN'S professional address is at the Madison County Sherriff's Office, 138 North Court Street, Wampsville, New York 13163.

**AS AND FOR A FIRST CAUSE OF ACTION**
**A FEDERAL CLAIM OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT BROUGHT UNDER § 1983 AGAINST DEFENDANTS SLATOR, AND SILVERMAN IN THEIR INDIVIDUAL CAPACITIES**

10. On or about March 15, 2019, at approximately 11:30 pm Plaintiff, who has a history of mental illness, was having a psychotic episode and as a result was yelling in the roadway of Lenox Avenue, Oneida, New York and was obstructing traffic.

11. Defendant Slaton was first to arrive on scene in uniform in his patrol car.

12. Defendant Silverman then arrived on scene in uniform in his patrol car.

13. Plaintiff was exhibiting signs of an emotional distributed person [hereafter "EDP"] such as the erratic behavior described above.

14. Defendant Slaton went to effect the arrest of Plaintiff.

15. Plaintiff consented to being handcuffed.

16. Plaintiff was placed in handcuffs by Defendant Slaton and advised he was under arrest.

17. Plaintiff then spit towards Defendant Slator but not on him.

18. Defendants failed to de-escalate the situation with this EDP Plaintiff.

19. Defendant Silverman then kicked Plaintiff in the leg while Plaintiff was in handcuffs.

20. Plaintiff fell to the ground in tremendous pain and exclaimed that Defendant Silverman had dislocated Plaintiff's right knee.

21. Said excessive force proximately caused the damages that Plaintiff complains of.

22. At all relevant times, based on the facts as pled above, Defendants Slator and Silverman intentionally used excessive force against Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth Amendment rights.

**AS AND FOR A SECOND CAUSE OF ACTION**
**A FEDERAL CLAIM OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE FOURTEENTH AMENDMENT BROUGHT UNDER § 1983 AGAINST DEFENDANTS SLATOR, CLARK AND SILVERMAN IN THEIR INDIVIDUAL CAPACITIES**

23. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

24. Defendants Slator, Clark and Silverman took Plaintiff into custody, and as such they formed him a special relation.

25. Plaintiff had serious medical injuries as a result of the excessive force that was used on him, to wit a dislocated knee that began excessively swelling.

26. Defendants did immediately provide medical attention to Plaintiff by transporting him to Oneida Healthcare for treatment via ambulance.

27. Upon information and belief according to medical records that were in Defendants possession, Plaintiff was released from the hospital with instructions that he was to be transferred to Upstate Emergency Department because Oneida Healthcare did not have an orthopedic service.

28. Plaintiff was placed in a cell at the Oneida City Police Station.

29. The swelling in Plaintiff's knee increased such that he became immobile and could not properly use the toilet.

30. Consequently, Plaintiff defecated himself at least twice.

31. The second time Plaintiff defecated himself Defendant Clark asked Plaintiff why he defecated himself, Plaintiff said "I can't get up because my leg is hurt. I'll clean it up."

32. Instead of providing the necessary follow-up medical care on which Defendants were on notice for Plaintiff serious medical injuries, Defendants charged him. A true copy of the criminal accusatory is attached here to as **Exhibit A**.

33. This behavior shows deliberate indifference to serious medical needs and shocks the contemporary conscious.

34. Said deliberate indifference to serious medical needs proximately caused the damages that Plaintiff complains of.

35. At all relevant times, based on the facts as pled above, Defendants Slator, Clark and Silverman were deliberately indifferent to Plaintiff's serious medical needs in violation of Plaintiff's clearly established Fourteenth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourteenth Amendment rights.

**AS AND FOR A THIRD CAUSE OF ACTION
A FEDERAL CLAIM FOR A VOILATION OF TITLE II[1] OF THE AMERICANS WITH DISABLITIES ACT (AS AMENDED) BY PLAINTIFF AGAINST DEFENDANTS CITY OF ONEIDA AND MADISON COUNTY**

36. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

37. Since 2014 Plaintiff has been diagnosed with and receives social security disability for bipolar depression, and attention deficit disorder.

38. As such Plaintiff is proscribed a multitude of prescription medications.

---

[1] Specifically, the section relied upon is 42 USC § 12132.

39. Plaintiff was not taking his medication on March 15, 2020 which caused him to become an EDP.

40. Plaintiff mental disabilities substantiality impaired major life activities and as such was sufficiently disabled such that he was a qualifying individual under the Americans with Disabilities Act (as Amended) (hereafter "ADA").

41. At no time did Plaintiff every pose as a direct threat to the health and/or safety of others.

42. As factually plead above the Defendant discriminated against Plaintiff when, failed to de-escalation the situation, which would have been a reasonable accommodation, but instead used excessive force.

43. Therefore such discrimination proximately caused the harm Plaintiff suffers.

44. At all relevant times, based on the facts as pled above, Defendants City of Oneida and Madison County discriminated against Plaintiff in violation of Title II of the ADA and as such Plaintiff seeks to remedy this discrimination which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, and loss of enjoyment of hobbies.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**A FEDERAL CLAIM OF A VOILATION OF TITLE II OF THE AMERICANS WITH DISBLITIES ACT (AS AMENDED) BY PLAINTIFF AGAINST DEFENDANTS SLATOR, CLARK AND SILVERMAN PURSUANT TO 42 USC § 1983**

45. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

46. As plead in the foregoing paragraphs Defendants were under color of law when they intentionally violated Plaintiff's clearly established statutory rights under Title II of the ADA.

47. Said violation proximately caused the harm Plaintiff suffers.

48. At all relevant times, based on the facts as pled above, Defendants discriminated against Plaintiff in violation of Title II of the ADA and as such under 42 USC § 1983 Plaintiff brings this cause of action to remedy this discrimination which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, and loss of enjoyment of hobbies.

## AS AND FOR A FIFTH CAUSE OF ACTION
## A FEDERAL CLAIM FOR A VOILATION OF TITLE II OF THE AMERICANS WITH DISABLITIES ACT (AS AMENDED) BY PLAINTIFF AGAINST DEFENDANT CITY OF ONEIDA

49. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

50. Plaintiff's knee was dislocated and severely swollen from the excessive force as described above.

51. In fact Plaintiff's knee was so swollen it was a severe injury that substantiality impaired major life activities such as walking and using the toilet to relieve himself.

52. These knee injuries kept Plaintiff in the hospital for approximately a month and were disabling.

53. Additionally, the effects of the knee injury still limit Plaintiff's motion.

54. As such said right knee injury was sufficiently disabled such that he was a qualifying individual under the Americans with Disabilities Act (as Amended) (hereafter "ADA").

55. As pled above Plaintiff was placed in a holding cell at the Oneida City Police Station.

56. As pled above the swelling in Plaintiff's knee increased such that he became immobile and could not properly use the toilet.

57. Consequently, Plaintiff defecated himself at least twice.

58. However, Defendants failed to offer Plaintiff a reasonable accommodation.

59. Rather Defendants charged Plaintiff with the criminal accusatory attached hereto as **Exhibit A**.

60. This constitutes disability discrimination.

61. Therefore such discrimination proximately caused the harm Plaintiff suffers.

62. At all relevant times, based on the facts as pled above, Defendants City of Oneida and Madison County discriminated again Plaintiff in violation of Title II of the ADA and as such Plaintiff seeks to remedy this discrimination which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, and loss of enjoyment of hobbies.

## AS AND FOR A SIXTH CAUSE OF ACTION
## A FEDERAL CLAIM OF A VOILATION OF TITLE II OF THE AMERICANS WITH DISABLITIES ACT (AS AMENDED) BY PLAINTIFF AGAINST DEFENDANTS SLATOR AND CLARK PURSUANT TO 42 USC § 1983

63. Plaintiffs repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

64. As plead in the foregoing paragraphs Defendants were under color of law when they intentionally violated Plaintiff's clearly established statutory rights under Title II of the ADA by charging him and not offering him any reasonable accommodations when he was in his cell.

65. Said violation proximately caused the harm Plaintiff suffers.

66. At all relevant times, based on the facts as pled above, Defendants discriminated against Plaintiff in violation of Title II of the ADA and as such under 42 USC § 1983 Plaintiff

brings this cause of action to remedy this discrimination which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, and loss of enjoyment of hobbies.

<b><u>IN THE ALTERNATIVE FOR A SEVENTH CAUSE OF ACTION<br>A FEDERAL CLAIM OF FAILURE TO INTERVENE FOR THE CONSTITUTIONAL OR STATUTORY VIOLATIONS PLEAD IN THE FIRST, SECOND, FOURTH AND SIXTH CAUSES OF ACTION AGAINST SLATOR, CLARK AND SILVERMAN PURSUANT TO 42 USC § 1983</u></b>

67. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

68. At all relevant times each of the above individually named Defendants who may have not directly participated in the Constitutional violation nevertheless had a reasonable opportunity to intervene to stop the unconstitutional excessive force being used on Plaintiff.

69. At all relevant times Defendants did not intervene and act to stop the unconstitutional excessive force being used on Plaintiff.

70. At all relevant times each of the above individually named Defendants who may have not directly participated in the Constitutional violation nevertheless had a reasonable opportunity to intervene and provide the necessary medical attention to Plaintiff.

71. At all relevant times Defendants did not intervene and act to provide the necessary medical attention Plaintiff.

72. At all relevant times each of the above individually named Defendants who may have not directly participated in the ADA violation in the field nevertheless had a reasonable opportunity to intervene and provide proper de-escalation techniques for Plaintiff.

73. At all relevant times Defendants did not intervene and use de-escalation techniques to accommodate Plaintiff's disabilities.

74. At all relevant times each of the above individually named Defendants, with the exception of Defendant Silverman, who may have not directly participated in the ADA violation at the station house, had a reasonable opportunity to intervene and provide a reasonable accommodation for Plaintiff instead of charging him as exemplified in **Exhibit A**.

75. At all relevant times said Defendants did not intervene and accommodate Plaintiff's disabilities.

76. Such failures proximately caused the damages Plaintiff complains off.

77. At all relevant times, based on the facts as pled above, Defendants failure to intervene and prevent Plaintiff's clearly established Constitutional and statutory rights from being violated and thus Plaintiff brings this claim under 42 USC § 1983 to remedy these Constitutional/statutory violations which caused conscious pain and suffering, multiple surgeries, immobility, attorneys fees, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, and loss of enjoyment of hobbies.

**AS AND FOR AN EIGHTH CAUSE OF ACTION
A FEDERAL *MONELL* [2] CLAIM FOR FAILURE TO INVESTIGATE, SUPERVISE AND DISCIPLNE DEFENDANTS SLATOR, CLARK AND SILVERMAN AGAINST DEFENDANTS CITY OF ONEIDA AND MADISON COUNTY**

78. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

---

[2] Monell v. Department of Social Services, 436 U.S. 658 (1978).

79. Upon information and belief Defendants performed a constitutionally deficient use of force investigation as the entire investigation appears to be memorialized though a single check box on single sheet of paper from the use of force report.  Upon information belief there is no documentation of scene photographs being taken, witness interviews, video footage recovered from the officers nor explanations as to why there is none, video footage recovery from other sources (nor any documentation of attempts to recovery any), nor any other evidence being collect.  Finally, the use of force investigation contains not findings of fact nor reviews the police policies reviewed to govern the use of force.

80. Upon information and belief, Defendants were required to activate their dash cameras via activating the lights bar on their police cars as well as their body worn cameras pursuant to industry standards.

81. Upon information and belief Defendants were not disciplined for their excessive use of force, nor their failure to activate the dash nor body cameras and violations of the ADA.

82. Such failures demonstrate that the Defendants City of Oneida and Madison County were deliberately indifferent to the need to supervise, investigate and discipline Defendants for violating Plaintiff's rights.

83. Thus Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation which caused conscious pain and suffering, attorneys fees, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth, Fifth, Sixth and/or Fourteenth Amendment rights.

## AS AND FOR NINTH CAUSE OF ACTION
## A STATE LAW CLAIM OF ASSAULT AGAINST ALL DEFENDANTS IN ALL CAPACITIES

84. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

85. On June 12, 2019 Plaintiff served the Defendant City of Oneida, Police Department, Defendant Clark and Defendant Slator with a Notice of Claim pursuant New York State General Municipal Law § 50-e.

86. These City Defendants never demanded a 50-h Examination pursuant to General Municipal Law

87. More than 30 days have elapsed since the service of the Notice of Claim on the City Defendants and they have failed to accept, adjust or deny the claim.

88. Therefore Plaintiff has complied with the condition precedent for suit against the City Defendants.

89. On June 12, 2020, Plaintiff served the Madison County Attorney's Office with his Notice of Claim.

90. On June 13, 2020, Plaintiff served the Madison County Sheriff's Office with his Notice of Claim.

91. The County Defendants duly demanded, noticed and conducted a 50-h Examination of Plaintiff pursuant to the New York State General Municipal Law on October 17, 2019.

92. More than 30 days have elapsed since the 50-h examination of Plaintiff and the County Defendants have failed to accept, adjust or deny the claim.

93. Therefore Plaintiff has complied with the conditions precedent for suit against the County Defendants

94. Upon information and belief, based on the factual allegations above, Defendants caused Plaintiff to have an immediate apprehension that Defendants were to make a harmful and/or physical contact with his person.

95. Said attempted contact was not otherwise privileged.

96. Thus Plaintiff brings this claim which caused conscious pain and suffering, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property and loss of enjoyment of hobbies.

### AS AND FOR TENTH CAUSE OF ACTION
### A STATE LAW CLAIM OF ASSAULT AGAINST ALL DEFENDANTS IN ALL CAPACITIES

97. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

98. Upon information and belief, based on the factual allegations above, Defendants made a harmful and/or physical contact with his person to which Plaintiff suffered severe personal injuries as pled above.

99. Said contact was not otherwise privileged.

100. Thus Plaintiff brings this claim which caused conscious pain and suffering, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property and loss of enjoyment of hobbies.

# IN THE ALTERNATIVE[3] FOR AN ELEVENTH CAUSE OF ACTION
# A STATE LAW CLAIM OF NEGLIGENCE AGAINST ALL DEFENDANTS IN ALL CAPACITIES

101. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

102. If in the event, that Defendants state that their actions while arresting Plaintiff were not intentional, Plaintiff brings in the alternative this negligence claim.

103. Defendants by arresting Plaintiff and taking away his liberty owed in him a special duty care.

104. Defendants breeched said special duty of care when Plaintiff became injured while in their custody.

105. Said injuries were proximately caused by Defendants breech of care.

106. Said breech of care violated applicable industry standards.

107. Said injuries were severe in nature.

108. Thus Plaintiff brings this claim which caused conscious pain and suffering, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property and loss of enjoyment of hobbies.

---

[3] The pleading is made in the alternative as discovery is required and possibly findings of fact to determine what each Defendant was doing over the course of the detention, arrest and prosecution of Plaintiff.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants, each of them, jointly and severally, for as follows:

    A. Monetary compensatory damages to be determined by a jury, including but not limited to, conscious pain and suffering, attorneys fees, loss of employment, lost wages, lost benefits of employment, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth, Fifth, Sixth and Fourteenth Amendment rights;

    B. Punitive damages to be determined by a jury;

    C. Attorneys fees as part of the costs and the costs of this action pursuant to 42 USC § 1988 and the ADA;

    D. Such other and further relief as this Court determines to be just, fair, appropriate, and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims stated herein.

                                                                                                     Respectfully submitted,

Dated: June 12, 2020                                      */s/ Zachary C. Oren*
                                                                                Zachary C. Oren, Esq.
                                                                                *Attorney for Plaintiff*
                                                                                Federal Bar Roll Number: 603001
                                                                                401 Rutger Street
                                                                                Utica, NY 13501
                                                                                Cell:  (570) 441-8818
                                                                                Email: z.c.oren@gmail.com

Dated: June 12, 2020                                      */s/ David Longeretta*
                                                                                David Longeretta, Esq.
                                                                                Law Office of David A.
                                                                                Longeretta, PLLC
                                                                                *Attorney for Plaintiffs*
                                                                                Federal Bar Roll Number 507602
                                                                                298 Genesee Street
                                                                                Utica, NY 13502
                                                                                Tel.: (315) 735-6162